| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| District of Arizona | **VOLUNTARY PETITION** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>ECOtality, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>None |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Innergy Power Corporation, Alchemy Enterprises, Ltd. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>68-0515422 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>One Montgomery Street, Suite 2525<br>San Francisco, California<br>ZIP CODE 94104 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>San Francisco County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box.) | |
|---|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 | ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>ECOtality, Inc. | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  See Attached Rider 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☑  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.

☑     No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐     Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐     Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Name of Debtor(s):
ECOtality, Inc.

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney***

X **/s/ Jared G. Parker**
Signature of Attorney for Debtor(s)
Jared G. Parker
Printed Name of Attorney for Debtor(s)
Parker Schwartz, PLLC
Firm Name

7310 N. 16th St., Suite 330
Phoenix, Arizona 95020
Address
(602) 282-0476
Telephone Number
09/16/2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
H. Ravi Brar
Printed Name of Authorized Individual
President and Chief Executive Officer
Title of Authorized Individual
09/16/2013
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

### District of Arizona

In re   ECOTALITY, INC.                                ,        )     Case No. _____

                    Debtor                                )

                                                          )

                                                          )     Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   000-50983                    .

2. The following financial data is the latest available information and refers to the debtor's condition on   September 16, 2013   .

    a. Total assets                                   $      111,916,130.89

    b. Total debts (including debts listed in 2.c., below)     $      15,762,297.64

    c. Debt securities held by more than 500 holders:

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ 0 | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ 0 | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ 0 | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ 0 | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ 0 | 0 |

    d. Number of shares of preferred stock              1,744,018          1

    e. Number of shares common stock              33,526,077        352

    Comments. if any:

Number of common shares does not include 7,091,568 warrants for purchase of common stock representing 33 individual warrants at strike prices ranging from $0.60 to $9.00.

3. Brief description of debtor's business:

The company designs, manufactures, tests and commercializes technologies related to advanced electric vehicle charging and energy storage systems.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____

ABB Technology Ventures (12.6%),  Enable Global Capital, LLC (8.6%), Marxe Austin W & Greenhouse David M (7.5%) and Capital Ventures International (5.6%).

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (each a "***Debtor***" and collectively, the "***Debtors***") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code.   Concurrently with the chapter 11 filings, the Debtors are seeking joint administration of these cases, and a corresponding transfer of assignment of the cases to be jointly administered, under the case number and judge assigned to the chapter 11 case of Electric Transportation Engineering Corporation.

1.     Electric Transportation Engineering Corporation

2.     ECOtality, Inc.

3.     ECOtality Stores, Inc.

4.     ETEC North, LLC

5.     The Clarity Group, Inc.

6.     G.H.V. Refrigeration, Inc.

## MINUTES OF A TELEPHONIC SPECIAL MEETING
## OF THE
## BOARD OF DIRECTORS
## OF
## ECOTALITY, INC.

### September 16, 2013

---

A special meeting of the Board of Directors (the "**Board**") of ECOtality, Inc., a Nevada corporation (the "**Company**"), was held by telephone conference beginning at approximately 12:00pm (MST) on September 16, 2013. Present at the meeting were the following directors: Ravi Brar, Slade Mead, Andrew Tang, Kevin Cameron, Enrique Santacana and Daryl Magana. Also present were Susie Herrmann (Company CFO), Martin Felli (General Counsel and Corporate Secretary), David Simonds (from the law firm of Akin Gump, the Company's restructuring counsel), and David Woodward (from the firm of FTI Consulting, the Company's financial advisory firm). Mr. Felli recorded the minutes. All Board members being present, the further requirements for notice and attendance were fully satisfied. For purposes of any Board decisions, at all times the requisite number of the Company's directors and independent directors were present at the meeting.

Mr. Felli called the meeting to order, and ascertained that all those in attendance could hear and be heard by all other participants. Mr. Felli took a roll call to confirm all Board members in attendance. Mr. Brar acted as chairman of the meeting.

Mr. Brar informed the Board that the meeting was called for the purpose of the Board voting on revised resolutions in connection with the Company filing a petition under Chapter 11 of the US Bankruptcy Code, which resolutions had been previously provided in a document to the Board for full review and consideration. After brief discussion and deliberation by the Board and upon motion duly made by Mr. Santacana and seconded by Mr. Cameron, and unanimously approved by the Board, the following resolutions were adopted:

**WHEREAS,** the Board has reviewed and analyzed the materials presented by the Company's management and the Company's financial, legal, and other advisors and has held numerous, extensive and vigorous discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Company, the short and long term prospects of the Company, the restructuring and strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations;

**WHEREAS,** the Board has determined that it is necessary, advisable and in the best interests of the Company, its creditors, employees, stockholders and other interested parties, and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of Company, that a petition be filed by the Company seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and that the Company undertake related actions;

### AUTHORIZATION TO COMMENCE CHAPTER 11 PROCEEDINGS;
### AUTHORIZATION TO EMPLOY AND RETAIN REQUISITE PROFESSIONALS;
### AUTHORIZATION TO INCUR DEBTOR-IN-POSSESSION FINANCING

**NOW, THEREFORE, BE IT RESOLVED,** that the Board, in its best judgment, recommends and directs that the Company file or cause to be filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

**RESOLVED FURTHER**, that the President and Chief Executive Officer H. Ravi Brar, Chief Financial Officer Susie Herrmann, and Chief Operating Officer Murray Jones, and General Counsel and Corporate Secretary Martin T. Felli, each acting alone or together with one or more other officers of the Company that such individuals may designate (collectively, the "**Authorized Officers**"), are hereby individually authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Arizona as soon as practicable as the Authorized Officers shall determine after the close of trading on the NASDAQ stock market on Monday September 16, 2013;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists, and other papers, and to take any and all actions that each such officer may deem necessary or proper in connection with the foregoing resolutions;

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, be and hereby is authorized to (a) borrow funds from, provide guarantees to, and undertake any and all related financing transactions contemplated thereby (collectively, the **Financing Transactions**") with such lenders and on such terms as may be approved by the Authorized Officers as reasonably necessary for the continuing conduct of affairs of the Company, and (b) pay related fees and grant security interests in and liens on some, all, or substantially all of the assets of the Company, as may be deemed necessary by any one or more of the Authorized Officers of the Company in connection with such borrowings;

**RESOLVED FURTHER**, that (a) each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to take such actions and execute and deliver such agreements, certificates, instruments, guarantees, notices, and any and all other documents as may be deemed necessary or appropriate to facilitate or consummate the Financing Transactions (collectively, the "**Financing Documents**"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officers are approved; and (c) the actions of the Authorized Officers taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company;

**RESOLVED FURTHER**, that each Authorized Officer of the Company be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to engage FTI Consulting, Inc. ("**FTI**") to provide certain financial crisis and turnaround management services to the Company and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and interests; and, in connection therewith, the Authorized Officers be, and hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Company's Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of FTI;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to engage the law firm of Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and interests, including filing any pleadings; and, in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention

agreements, pay appropriate retainers prior to and after the filing of the Company's Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to engage the law firm of Parker Schwartz, PLLC ("**Parker Schwartz**") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and interests, including filing any pleadings; and, in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Company's Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Parker Schwartz;

**RESOLVED FURTHER**, that each Authorized Officer of the Company, be, and hereby is authorized and empowered on behalf of, and in the name of, the Company to engage Kurtzman Carson Consultants LLC ("**Kurtzman**") as claims, notice and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and, in connection therewith, each of the Authorized Officers be, and they hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Company's Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Kurtzman;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to engage any other professionals as deemed necessary or appropriate in their respective sole discretion to assist the Company in carrying out its duties under the Bankruptcy Code, including executing appropriate retention agreements, paying appropriate retainers prior to or after the filing of the Company's Chapter 11 case, and filing appropriate applications for authority to retain the services of any other professionals as the Authorized Officers shall in their sole discretion deem necessary or desirable;

## GENERAL AUTHORITY AND RATIFICATION

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such necessary or appropriate instruments and documents, (ii) incur and pay or cause to be paid all fees and expenses associated with or arising out of the actions authorized herein, and (iii) engage such persons as such officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, such determination to be conclusively established by the taking or causing of any such further action;

**RESOLVED FURTHER**, that all lawful actions of any kind taken prior to the Effective Date by the Authorized Officers, or any person or persons designated or authorized to act by an Authorized Officer of the Company, which acts would have been authorized by the foregoing resolutions, except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts of the Company;

**RESOLVED FURTHER**, that the signature of any Authorized Officer on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence that such officer deemed such act or thing to be necessary, advisable or appropriate;

**RESOLVED FURTHER,** that the secretary, any assistant secretary or any other proper officer of the Company be, and each of them individually hereby is, authorized and empowered to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the corporate officers of the Company as may be requested.

There being no further business, the meeting adjourned at approximately 12:35pm (MST).

Respectfully submitted,

Martin Felli
Secretary

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:13-BK-_____(___) |
| ELECTRIC TRANSPORTATION ENGINEERING CORPORATION (d/b/a ECOTALITY NORTH AMERICA), *et al.,*[1] | Chapter 11 |
| Debtors. | (Joint Administration Requested) |

This filing applies to:

■ All Debtors

☐ Specified Debtors

## CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS

The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "**Debtors**"). This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of September 16, 2013. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

---

[1] The Debtors in these jointly administered chapter 11 cases and the last four digits of their respective Employer Identification Numbers are: (i) ECOtality, Inc. (5422); (ii) Electric Transportation Engineering Corporation (4755); (iii) ECOtality Stores, Inc. (2643); (iv) ETEC North, LLC (n/a); (v) The Clarity Group, Inc. (8832); and (vi) G.H.V. Refrigeration, Inc. (4512). The Debtors' service address at ECOtality, Inc.'s corporate headquarters is Post Montgomery Center, One Montgomery Street, Suite 2525, San Francisco, California 94104.

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| Department of Energy | 3610 Collins Ferry Road, P.O. Box 880 Morgantown, WV 26507<br><br>Kelly McDonald<br>Ph: (304) 285-4113 | Government Contract | Contingent, Disputed, Unliquidated, Subject to Set-off | $6,465,725.27 |
| ABB Technology Ventures | Affolternstrasse 44, P.O. Box 8131 CH-8050 Zurich Switzerland | Note Payable | | $4,956,659.79 |
| SPX Corporation | 28635 Mound Road Warren, MI 48092<br><br>Anthony Slaughter<br>Ph: (586) 574-2332 | Trade Payable | | $588,368.12 |
| Roush Manufacturing | 12445 Levan Road Livonia, MI 48150<br><br>Cheri Kaplan<br>Ph: (734) 779-7232 | Trade Payable | Contingent, Disputed | $284,057.40 |
| BESCO Nashville (Broadway Electric Service Corporation) | 1800 N. Central Street Knoxville, TN 37917<br><br>Ph: (865) 546-2104 | Trade Payable | | $253,726.00 |
| Nissan North America | P.O. Box 685006 Franklin, TN 37068-5006<br><br>John Arnesen<br>Ph: (615) 725-0792 | Trade Payable | | $244,900.00 |
| Cherry City Electric | 1596 22nd Street SE Salem, OR 97302<br><br>Joe Janssen<br>Ph: (503) 566-5600 | Trade Payable | | $241,773.15 |

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| E3 Displays, LLC | 21050 N. 9th Place, Ste. 309<br>Phoenix AZ 85024<br><br>Dennis Rahrig<br>Ph: (602) 288-9758 | Trade Payable | | $236,431.80 |
| Kotman Electric | 2416 S. 17th Place<br>Phoenix, AZ 85034<br><br>Ph: (602) 256-6103 | Trade Payable | | $235,109.00 |
| Caltech | 1200 E. California Blvd (m/C 210-85)<br>Pasadena, CA 91125<br><br>(626) 395-8186 | Trade Payable | Contingent, Unliquidated | $214,898.98 |
| Target CW | 9475 Chesapeake Drive<br>San Diego, CA 92123<br><br>Michelle Brennan<br>Ph: (858) 810-3000 | Trade Payable | | $213,531.52 |
| Logicalis, Inc. | 34505 W. Twelve Mile Road<br>Ste. 210<br>Farmington Hills, MI 48331<br><br>Pat Haney<br>Ph: (248) 957-5600 | Trade Payable | | $206,879.01 |
| Cisco Capital | 9051 Siempre Viva Road<br>Bldg. 6, Ste. A-B<br>San Diego, CA 92154-7626<br><br>Alisha Montes<br>Ph: (619) 710-0758 | Trade Payable | | $150,184.00 |
| LVI Energy (Lane Valente) | 20 Keyland Court<br>Bohemia, NY 11716<br><br>Ph: (877) 541-4321 | Trade Payable | | $146,160.00 |

3

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| University of California, Davis | The Regents of the University of California Cashier's Office P.O. Box 989062 West Sacramento, CA 95798-9062<br><br>1200 Dutton Hall One Shields Ave Davis, CA 95616<br><br>Stephanie Mata Ph: (530) 752-0712 | Trade Payable | | $143,815.44 |
| Saturn Electric | 7552 Trade Street San Diego, CA 94945<br><br>Ph: (858) 271-0230 | Trade Payable | | $143,300.00 |
| GMA Manufacturing LLC | 2075 E. 5th Street Tempe, AZ 85281<br><br>Lynn Abramczyk Ph: (480) 398.4300 | Trade Payable | | $131,122.50 |
| Hannah Solar & Worry Free Power LLC | 2135 Defoor Hills Road Suite M Atlanta, GA 30318<br><br>Ph: (404) 609-7005 | Trade Payable | | $127,210.00 |
| OnStar LLC | 400 Renaissance Center P.O. Box 400 Detroit, MI 48265<br><br>Angela Harbar Ph: (313) 667-8111 | Trade Payable | | $126,334.12 |
| Bitrode | 9787 Green Park Industrial Drive St. Louis, MO 63123<br><br>Laura Schacht Ph: (636) 343-6112 | Trade Payable | | $112,006.00 |
| Tornado Design | 6701 E Sharon Drive Scottsdale, AZ 85254<br><br>Chris Tingom Ph: (602) 538-9120 | Trade Payable | | $111,926.49 |

4

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| McGladrey, LLP | 501 N. 44th Street, Suite 300, Phoenix, AZ 85008<br><br>Rick Sign<br>Ph: (602) 636.6000 | Trade Payable | | $109,129.22 |
| Miller Electric Mfg. Co. | 1635 W. Spencer Street<br>Appleton,WI 54912<br><br>Robin Reitzner<br>Ph: (920) 954-3862 | Trade Payable | | $106,641.68 |
| Campbell Family Electric, Inc | 352 Golden Leaf Court<br>Tracy, CA 95377<br><br>Temple Campbell<br>Ph: (209) 814-3874 | Trade Payable | | $105,570.00 |
| Sprint | P. O. Box 54977<br>Los Angeles CA 90054-0977<br><br>Ph: (877) 639-8351 | Trade Payable | | $95,643.97 |
| University of Nebraska - Lincoln | 312 N 14th Alexander West<br>Lincoln, NE 685880430<br><br>Belinda Gillam<br>Ph: (402) 472-7061 | Trade Payable | | $90,397.94 |
| Baker Electric | 1298 Pacific Oaks Place<br>Escondido, CA 92029<br><br>Ph: (760) 690.5173 | Trade Payable | | $90,156.00 |
| Low & High Power Group Inc. | 2505 Dunwin Drive Unit 5 Mississauga, ON L5L5P6 Canada<br><br>Nada Matrook<br>Ph: (905) 820-1781 | Trade Payable | | $86,916.10 |
| Christenson Electric | 111 SW Columbia<br>Ste 480<br>Portland, OR 97201<br><br>Sonja Rheaume<br>Ph: (503) 419-3300 | Trade Payable | | $82,447.00 |

5

| Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim |
|---|---|---|---|---|
| Evolvelectric | 100 Bryan Drive<br>Novato, CA 94945<br><br>Ph:(415) 892-1712 | Trade Payable | | $76,990.00 |

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CASE NO. 2:13-BK-_____(___) |
| ELECTRIC TRANSPORTATION ENGINEERING CORPORATION (d/b/a ECOTALITY NORTH AMERICA), *et al.*,[1] | Chapter 11 |
| Debtors. | Joint Administration Requested |

## DECLARATION ON BEHALF OF CORPORATION CONCERNING CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS

Pursuant to 28 U.S.C. § 1746, I, H. Ravi Brar, the duly qualified and authorized signatory, declare under penalty of perjury that I have reviewed the consolidated list of creditors holding the 30 largest unsecured claims on a consolidated basis and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: September 16, 2013

_____
H. Ravi Brar
Authorized Officer

---

[1] The Debtors in these jointly administered chapter 11 cases and the last four digits of their respective Employer Identification Numbers are: (i) ECOtality, Inc. (5422); (ii) Electric Transportation Engineering Corporation (4755); (iii) ECOtality Stores, Inc. (2643); (iv) ETEC North, LLC (n/a); (v) The Clarity Group, Inc. (8832); and (vi) G.H.V. Refrigeration, Inc. (4512). The Debtors' service address at ECOtality, Inc.'s corporate headquarters is Post Montgomery Center, One Montgomery Street, Suite 2525, San Francisco, California 94104.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CASE NO. 2:13-BK-_____(___) |
| ECOTALITY, INC., | Chapter 11 |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

| No. | Equity Holders | Address | Equity Holding (No. of Shares) | Equity Holding (%) |
|---|---|---|---|---|
| 1 | ABB Technology Ventures | Affolternstrasse 44 P.O. Box Zurich V8 CH-8050 | 4,219,167 | 12.6% |
| 2 | Enable Global Capital, LLC | One Ferry Building Suite 255 San Francisco CA 94111 | 2,880,540 | 8.6% |
| 3 | David M.. Marxe & Austin W Greenhouse | c/o Special Situations Funds 527 Madison Avenue, Suite 2600 New York, NY 10022 | 2,500,000 | 7.5% |
| 4 | Capital Ventures International | Windward 1 Regatta Office Park West Bay Road Grand Cayman E9 KY1-1103 | 1,890,000 | 5.6% |
| 5 | Wolverine Flagship Fund Trading Limited | 175 W Jackson Blvd., 2nd Floor, Chicago IL 60604 | 1,528,845 | 4.6% |
| 6 | Valley 2010 Investment LLC., Global LearnNet Ltd., Codex Group, Inc. | 24910 La Lom Ct. Los Altos Hills, CA 94022 | 1,388,889 | 4.1% |
| 7 | Pine River Master Fund Ltd. | 601 Carlson Parkway, Suite 330, Minnetonka, MN 55305 | 937,500 | 2.8% |

| No. | Equity Holders | Address | Equity Holding (No. of Shares) | Equity Holding (%) |
|---|---|---|---|---|
| 8 | Daryl Magana  (Director) | c/o ECOtality, Inc. | 391,596 | 1.2% |
| 9 | Gruber & McBain Capital Management | 234 Van Ness, Ste 5, San Francisco, CA  94133 | 233,000 | 0.7% |
| 10 | Ravi Brar (Executive Officer) | c/o ECOtality, Inc. | 99,401 | 0.3% |
| 11 | Robert G. Allison | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN  55391-1769 | 62,500 | 0.2% |
| 12 | Nisswa Acquisition Master Fund Ltd. | 601 Carlson Parkway, Suite 330, Minnetonka, MN  55305 | 62,500 | 0.2% |
| 13 | Non-Officer employees | | 53,035 | 0.2% |
| 14 | Anson Investments Master Fund LP | 5950 Berkshire Lane, Suite 220, Dallas, TX  75225 | 40,000 | 0.1% |
| 15 | Cranshire Capital Master Fund Ltd. | 3100 Dundee Road, Suite 703, Northbrook IL  60062 | 36,238 | 0.1% |
| 16 | Iroquois Master Fund Ltd. | 641 Lexington Avenue 26th Floor New York, NY  10022 | 30,000 | 0.1% |
| 17 | Dennis D. Gonyea | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN  55391-1769 | 22,500 | 0.1% |
| 18 | Dorothy J. Hoel | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN  55391-1769 | 22,500 | 0.1% |
| 19 | Stephanie L. Russo | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN  55391-1769 | 22,500 | 0.1% |

| No. | Equity Holders | Address | Equity Holding (No. of Shares) | Equity Holding (%) |
|---|---|---|---|---|
| 20 | Paul and Nancy Seel - Joint Account WROS | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN 55391-1769 | 22,500 | 0.1% |
| 21 | E. Slade Mead (Director) | c/o ECOtality, Inc. | 20,676 | 0.1% |
| 22 | David & Carole Brown Trustees FBO David & Carole Brown Revocable Trust u/a dtd 10/23/97 | c/o Perkins Capital Management Inc. 730 East Lake Street Wayzata, MN 55391-1769 | 15,625 | 0.0% |
| 23 | Susie Herrmann (Executive Officer) | c/o ECOtality, Inc. | 10,947 | 0.0% |
| 24 | Equitec Specialists LLC | 3100 Dundee Road, Suite 703, Northbrook IL 60062 | 9,060 | 0.0% |
| 25 | All Other Investors | | 17,026,558 | 50.8% |

## DECLARATION UNDER PENALTY OF PERJURY

I, H. Ravi Brar, the undersigned Authorized Officer, declare under penalty of perjury that I have read the foregoing list of equity security holders for ECOtality, Inc. and that it is true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2013

H. Ravi Brar
Authorized Officer

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | CASE NO. 2:13-BK-_____(___) |
| ECOTALITY, INC., | Chapter 11 |
| Debtor. | Joint Administration Requested |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "***Debtor***") and any entity in which the Debtor owns an interest.



Collaboratev, LLC
(Delaware Corporation)
50%
ECOtality, Inc.
(Nevada Corporation)
99%
100%
100%
ECOtality Australia Pty Ltd.
(Australia Proprietary Company)
ECOtality Asia Pacific Ltd.
(Hong Kong)
Portable Energy de Mexico, S.A. de C.V.
(Mexico Corporation)
1%
ECOtality Stores, Inc.
dba Fuel Cell Stores
dba Innergy Power
(Nevada Corporation)
Electric Transportation Engineering Corporation
dba ETEC
dba ECONA
(Arizona Corporation)
40% (in progress)
ETEC North, LLC
(Delaware Corporation)
100%
The Clarity Group, Inc.
dba ETA
(Arizona Corporation)
100%
G.H.V. Refrigeration Inc.
(California Corporation)
100%
Tianjin Eco-Power Technology Co. Ltd.
(China Corporation)
Debtor
Non-Debtor
Non-Debtor Joint Venture

## DECLARATION UNDER PENALTY OF PERJURY

I, H. Ravi Brar, the undersigned Authorized Officer, declare under penalty of perjury that I have read the foregoing corporate ownership statement for ECOtality, Inc. and that it is true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2013

H. Ravi Brar
Authorized Officer